IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-03326-PAB-STV

BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY COLORADO, in their elected and official capacity on behalf of Douglas County, Colorado,
ABE LAYDON, in his official and elected capacity, and
GEORGE TEAL, in his official, elected, and individual capacity,

Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of Colorado, and
JOE BARELA, in his official capacity as director of the Department of Labor and Employment,

Defendants,

and

AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO,

Defendant-Intervenor.

---

# ORDER

---

This matter comes before the Court on the Motion to Dismiss [Docket No. 27], Governor Polis' Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6) [Docket No. 28], and Defendant-Intervenor American Federation of State, County and Municipal Employees, AFL-CIO's Motion to Dismiss [Docket No. 45]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

In 2022, the Colorado General Assembly passed Senate Bill 22-230, Collective Bargaining by County Employees Act ("COBCA"), Colo. Rev. Stat. § 8-3.3-101 *et seq.* Docket No. 1 at 6, ¶ 22. COBCA was signed by Governor Jared Polis on May 27, 2022 and took effect on July 1, 2023. *Id.*, ¶¶ 23-24. COBCA grants county employees the right to organize or join a labor union for the purposes of collective bargaining. *Id.*, ¶ 26. Among other things, COBCA prohibits counties from expressing views that deter or discourage unionizing and governs aspects of how a county must interact and bargain with unionized employees. *Id.* at 6-8, ¶¶ 28-29.

On March 8, 2024, the Fraternal Order of Police[2] ("FOP") filed a petition with the Colorado Department of Labor under COBCA for an election to be recognized as the exclusive collecting bargaining representative for deputies and sergeants of the Douglas County Sheriff's Office. *Id.* at 8, ¶ 30. Plaintiffs and the FOP scheduled a three-day election to occur the week of April 29, 2024. *Id.*, ¶ 31. On April 25, 2024, the Colorado Department of Labor and Employment adjourned the election and ordered that it must be conducted on or before November 4, 2024. *Id.*, ¶ 32. The FOP failed to conduct the election before the required deadline. *Id.* On May 10, 2024, the FOP filed allegations of several unfair labor practices under COBCA. *Id.*, ¶ 34. An administrative law judge ("ALJ") ultimately found that Douglas County officials violated COBCA because they were not neutral towards certain aspects of unionization. *Id.* at 8-9, ¶ 36. The ALJ

---

[1] The facts below are taken from plaintiffs' complaint, Docket No. 1, and are presumed to be true, unless otherwise noted, for purposes of ruling on defendants' motions to dismiss.

[2] The complaint does not indicate what the acronym FOP stands for. *See* Docket No. 1 at 8, ¶ 30. Through context, the Court presumes FOP stands for Fraternal Order of Police.

wrote that "[t]he appellants are expressly required by COBCA to remain neutral in their responses to employees about the question of representation." *Id.* at 9, ¶ 41. On October 8, 2025, Douglas County was served with a second petition for a collective bargaining unit. *Id.* at 10-11, ¶ 47.

On October 21, 2025,[3] the Douglas County Board of County Commissioners and two Douglas County Commissioners, Abe Laydon and George Teal, filed suit against Governor Polis and the Director of the Department of Labor and Employment, Joe Barela (collectively, the "State defendants"). *See generally id.* The complaint brings claims that COBCA violates the Supremacy Clause and First Amendment of the United States Constitution and Article 2, Section 10 of the Colorado Constitution.[4] *Id.* at 11-15, ¶¶ 53-78. Plaintiffs solely seek prospective relief in the form of declaratory judgments and injunctions on future enforcement of COBCA. *Id.* at 16.

On January 26, 2026, the State defendants filed motions to dismiss. Docket Nos. 27, 28. The State defendants argue that plaintiffs lack standing to sue, they are immune from suit under the Eleventh Amendment, the Court should abstain from hearing this case due to, among other things, multiple pending state actions, and plaintiffs' claims fail on the merits. *See generally* Docket Nos. 27, 28. On February 27, 2026, plaintiffs filed a combined response, Docket No. 39, and on March 3, 2026, the

---

[3] The complaint inaccurately states that it was submitted on October 21, 2024. Docket No. 1 at 17.

[4] The complaint also brings a § 1983 claim arguing that enforcement of COBCA "punished George Teal for exercising his constitutional right to express his opinions about unionization." Docket No. 1 at 16, ¶ 82. The complaint does not allege where this constitutional right comes from, but the Court presumes it is the First Amendment. The complaint, however, seeks no retrospective relief to remedy this alleged constitutional violation. *Id.* at 16.

State defendants filed replies. Docket Nos. 40-41. On January 26, 2026, the American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME") filed a motion to intervene, Docket No. 24, which was granted by Chief Magistrate Judge Scott T. Varholak on March 4, 2026. Docket No. 43. On March 4, 2026, AFSCME filed a motion to dismiss, arguing that plaintiffs' claims fail on the merits. Docket No. 45. On March 25, 2026, plaintiffs filed a response, Docket No. 46, and on April 14, 2026, AFSCME filed a reply. Docket No. 53. As discussed below, the Court finds that plaintiffs lack standing to bring this action and will therefore not address the other jurisdictional defenses or the merits of plaintiffs' claims.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A dismissal under Rule 12(b)(1) is not a judgment on the merits; rather, it is a determination that the court lacks jurisdiction to adjudicate the claim. *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n., Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (citation omitted). The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

Challenges to subject matter jurisdiction may take two forms – a facial attack or a factual attack – each with distinct analytical frameworks. *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001). A facial challenge focuses on the sufficiency of the allegations in the complaint. *Id.* In resolving a facial challenge, "the

district court must accept the allegations in the complaint as true." *Id.* By contrast, a factual challenge allows a party to "go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Id.* (citation omitted). In addressing a factual challenge to subject matter jurisdiction, "the court does not presume the truthfulness of the complaint's factual allegations." *Id.* (citation and quotations omitted); *see also Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) ("a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion"). "A challenge to a plaintiff's standing to bring a particular claim is properly raised in a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction." *Creek Red Nation, LLC*, 175 F. Supp. 3d at 1293.

## III. ANALYSIS

Section 8-3.3-115(2)(b) of COBCA states that "[a] county, its representatives, its agents, or anyone acting on behalf of the county shall not . . . [d]eter or discourage county employees or county employee applicants from becoming or remaining members of an employee organization or from authorizing payroll deductions for dues or fees to an employee organization; except that the county may respond to questions from a county employee pertaining to the county employee's employment or any matter described in this article 3.3, as long as the response is neutral toward participation in, selection of, and membership in an employee organization." Colo. Rev. Stat. § 8-3.3-115(2)(b). Plaintiffs allege that this statute is preempted by Congress's intent to permit open and robust dialogue between employers and employees on labor relation issues and that the statute is unconstitutional under the First Amendment.[5] Docket No. 1 at

[5] Notably, § 8-3.3-115(2)(b) only restrains speech made by a county and those acting on behalf of the county. Therefore, as AFSCME explains, § 8-3.3-115(2)(b) only

11-15, ¶¶ 53-78. Defendants, however, argue that plaintiffs do not have standing to bring such claims.[6] Docket No. 27 at 5-7.

At its core, "standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must allege "that (1) he or she has suffered an injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision." *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1326 (10th Cir. 1997)). When a plaintiff seeks prospective relief, like the plaintiffs here, such relief cannot be based on "speculative future harm." *Collins v. Daniels*, 916 F.3d 1302, 1314 (10th Cir. 2019) (citation omitted). "An injury in fact does not automatically occur by the mere presence on the statute books of an unconstitutional statute . . ., even if plaintiffs allege an inhibiting effect on constitutionally protected conduct prohibited by the statute." *Dr. John's, Inc. v. City of Roy*, 465 F.3d

---

regulates "speech [ ] attributable to the government and therefore 'the employee's words are really the words of the employer.'" Docket No. 45 at 11 (quoting *Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, 585 U.S. 878, 910 (2018)). Generally, however, if a public employee speaks pursuant to his or her official duties, such speech is unprotected by the First Amendment. *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 527 (2022) (citation omitted). Moreover, § 8-3.3-115(5) specifies that an elected official's expression of personal views does not violate COBCA unless it constitutes a threat or coercion. Speech constituting threats or coercion is unprotected by the First Amendment. *See N. L. R. B. v. Gissel Packing Co.*, 395 U.S. 575, 618 (1969). The Court, however, does not need to determine whether § 18-3.3-115(2)(b) violates the First Amendment because the Court finds that plaintiffs lack standing to bring this action.

[6] Mr. Barela argues that plaintiffs lack standing in his motion to dismiss, Docket No. 27 at 5-7, and Governor Polis adopts the argument "by reference." Docket No. 28 at 9. Thus, citations to defendants' standing arguments are to Mr. Barela's motion to dismiss.

1150, 1155–56 (10th Cir. 2006) (internal quotations, alterations, and citation omitted). Instead, plaintiffs must allege "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and [that] there exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 160 (2014) (citation omitted).

The State defendants note that plaintiffs only seek prospective relief and that the complaint contains no allegations of plaintiffs' intent to engage in conduct prohibited by COBCA. Docket No. 27 at 6. Therefore, the State defendants assert that plaintiffs lack standing. *Id.* Plaintiffs raise three arguments in response. Docket No. 39 at 3-4. First, plaintiffs assert that "[t]he complaint clearly states that Plaintiffs intend to comply with federal law and 'risk being charged with violating conflicting and preempted state law'" and that "Plaintiffs are clear that they intend to exercise their first amendment rights in freely discussing the forthcoming elections." *Id.* at 3 (citing Docket No. 1 at 11, 13, ¶¶ 48-52, 67). Plaintiffs' citations to the complaint do not support these assertions. As to plaintiffs' first assertion, the complaint states nothing about plaintiffs' intent; rather, it states that "*should* Plaintiffs comply with federal law, then Plaintiffs *risk* being charged with violating conflicting and preempted state law." Docket No. 1 at 13, ¶ 67 (emphasis added). This allegation does not assert that plaintiffs intend to engage in any specific course of conduct; rather, it is a conjectural assertion of what might happen *if* plaintiffs comply with federal law.[7] This allegation is not sufficiently specific to establish standing

---

[7] It is not clear how "complying" with federal law would put plaintiffs at risk of violating state law. The complaint makes this allegation in the context of discussing how COBCA's requirement to remain neutral in matters of unionization conflicts with the First Amendment. Docket No. 1 a 13-15, ¶¶ 65-78. Plaintiffs appear to be stating that

for prospective relief. *See PeTA, People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1203 (10th Cir. 2002) (finding that the plaintiff lacked standing for prospective relief when it had not alleged an intention to engage in conduct proscribed by an allegedly unconstitutional statute); *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1177 (10th Cir. 2009) (same). Such specificity is important given that plaintiffs acknowledge that the "government speech doctrine limits First Amendment protection in some contexts," Docket No. 46 at 5, and given that the statute's neutrality provision only applies to persons "acting on behalf of the county," Colo. Rev. Stat. § 8-3.3-115(2), and exempts non-coercive speech by elected officials. Colo. Rev. Stat. § 8-3.3-115(5).

As to plaintiffs' second assertion, the complaint does not allege that plaintiffs "intend to exercise their first amendment rights in freely discussing the forthcoming elections." Rather, the complaint states that "any attempt by the elected officials in Douglas County to exercise their First Amendment Rights will be found to be an unfair labor practice under state law." Docket No. 1 at 11, ¶ 48. Again, this allegation is conjectural and does not state that plaintiffs intend to engage in certain conduct. Moreover, even if the allegation did state that plaintiffs intend to exercise their First Amendment rights, there are no allegations that plaintiffs intend to exercise such rights in a way that violates COBCA. Therefore, contrary to plaintiffs' assertions, the complaint does not state an intent to engage in conduct protected by the First Amendment, but proscribed by statute.

---

the First Amendment or federal law allows plaintiffs to express an opinion on unionization, in violation of COBCA's neutrality requirement.

Second, plaintiffs argue that they have standing because they have alleged that COBCA has a chilling effect on them. Docket No. 39 at 2. Plaintiffs, however, cite no allegation in the complaint that COBCA has chilled their speech, nor does the Court find any. *See generally id.* Moreover, even if the complaint did contain such an allegation, the Tenth Circuit has held that "plaintiffs in a suit for prospective relief based on a 'chilling effect' on speech can satisfy the requirement that their claim of injury be 'concrete and particularized' by (1) evidence that in the past they have engaged in the type of speech affected by the challenged government action; (2) affidavits or testimony stating a present desire, though no specific plans, to engage in such speech; and (3) a plausible claim that they presently have no intention to do so *because of* a credible threat that the statute will be enforced." *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1089 (10th Cir. 2006). Plaintiffs submitted no affidavits or testimony to satisfy the second requirement and have not otherwise established standing based on a chilling effect.

Finally, plaintiffs argue that they have standing because they have an election coming up and the State defendants have already enforced COBCA against them in a previous election. Docket No. 39 at 4. However, previous enforcement of an allegedly unconstitutional statute, without more, does not establish standing to sue for prospective relief. *See PeTA*, 298 F.3d at 1202 ("past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief.") (alterations and citation omitted). Instead, plaintiffs "must show a credible threat of future harm." *Doe by & through Doe v. Hunter*, 796 F. App'x 532 (10th Cir. 2019) (citations omitted). Here, plaintiffs have not alleged that they intend to engage in conduct proscribed by

COBCA or made any nonconclusory allegations that the State defendants would enforce COBCA against them if they did engage in such conduct. *See generally* Docket No. 1. Accordingly, the Court finds that plaintiffs have only shown "speculative future harm" and therefore do not have standing to bring this action.[8] *See Collins*, 916 F.3d at 1314.

The Court will grant the State defendants' motions to dismiss on their standing arguments. AFSCME's motion to dismiss, however, only raises arguments regarding the merits of plaintiffs' claims. *See generally* Docket No. 45. "But a federal court can't 'assume' a plaintiff has demonstrated Article III standing in order to proceed to the merits of the underlying claim, regardless of the claim's significance." *Colorado Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 543 (10th Cir. 2016); *see also Baker v. State*, No. 13-cv-01334-PAB-KLM, 2014 WL 624342, at *2 (D. Colo. Feb. 18, 2014) ("Absent standing, the Court lacks subject matter jurisdiction to consider the substance of plaintiff's claim.") (citation omitted). Thus, because the Court will dismiss this action for lack of standing, the Court cannot consider AFSCME's arguments on the merits and will deny its motion to dismiss as moot.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that the Motion to Dismiss [Docket No. 27] is **GRANTED**. It is further

**ORDERED** that Governor Polis' Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6) [Docket No. 28] is **GRANTED**. It is further

---

[8] An action brought by the Board of County Commissioners of Douglas County in state court raised similar claims based on COBCA and was dismissed due to a lack of standing. *See* Order Re: Motion to Dismiss, 2024CV33068 (Denver Dist. Ct. July 28, 2025).

**ORDERED** that Proposed Defendant-Intervenor American Federation of State, County and Municipal Employees, AFL-CIO's Motion to Dismiss [Docket No. 45] is **DENIED as moot**. It is further

**ORDERED** that plaintiffs' claims are **DISMISSED without prejudice**.[9] It is further

**ORDERED** that this case is closed.

DATED August 20, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

[9] "[W]here the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice." *Brereton*, 434 F.3d at 1216 (citations omitted).